IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YETI COOLERS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:20-CV-086-RP |
| | § | |
| V-ROSE ENTERPRISE, LLC *d/b/a* | § | |
| CALAVERA COOLERS, | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

On July 6, 2020, the parties dismissed all claims in this case by joint stipulation of dismissal

pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Dkt. 18). The parties ask the Court to

retain jurisdiction over this action for the purpose of enforcing their settlement agreement. (*Id.* at 1).

"Stipulated dismissals under Rule 41(a)(1)(A)(ii) . . . require no judicial action or approval

and are effective automatically upon filing." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 362 (5th

Cir. 2013). While a stipulation of dismissal under Rule 41 " 'ordinarily—and automatically—strips

the district court of subject-matter jurisdiction' over the dismissed action," the parties may, as they

have done here, ask the district court to retain jurisdiction to oversee enforcement of a settlement

agreement. *Def. Distributed v. United States Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020) (quoting

*Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 415–16 (5th Cir. 2018)); *see also id.* at 873 n.1.

A district court's "ancillary jurisdiction to manage its proceedings, vindicate its authority, and

effectuate its decrees provides such an independent basis to enforce a settlement agreement only if

the parties' obligation to comply with the terms of the settlement agreement has been made part of

the order of dismissal." *Hosp. House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002) (cleaned up).

There are two ways in which a district court may make a settlement agreement part of its dismissal

order and thereby retain jurisdiction to enforce the parties' settlement agreement: "either by separate

provision (such as a provision retaining jurisdiction over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Def. Distributed*, 947 F.3d at 873 n.1 (quoting *Hosp. House, Inc.*, 298 F.3d at 430). Here, the Court opts to make the settlement agreement a part of this dismissal order by separate provision.

Accordingly, as nothing remains to resolve, **IT IS ORDERED** that this case is **CLOSED**.

Pursuant to the parties' agreement, **IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to enforce the parties' settlement agreement and resolve any disputes related to it.

**SIGNED** on July 7, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE